UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM O. FULLER, as the Successor
Personal Representative of the Estate of
Robert Otis Fuller,

       Plaintiff,

 -v-                                       No. 16-CV-05167-LTS

BNP PARIBAS SA,

       Defendant.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff William O. Fuller ("Plaintiff"), as the Successor Personal Representative of the Estate of Robert Otis Fuller ("Fuller Estate"), brings this fraudulent conveyance action against Defendant BNP Paribas SA ("Defendant"), alleging that Defendant fraudulently conveyed laundered funds to hinder, delay, or defraud creditors of Cuba, such as Plaintiff and the Fuller Estate.

        The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

        Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss each of the claims against it. (<u>See</u> Docket Entry No. 18.) The Court has reviewed thoroughly all of the parties' submissions and arguments. For the following reasons, the Defendant's motion is granted.

BACKGROUND

The following facts are taken from the Complaint ("Compl."), or from documents relied upon by the Complaint, and are assumed to be true for the purposes of this motion practice.

Plaintiff is a United States citizen and resident of Miami, Florida, whose relative, Robert Otis Fuller ("Fuller"), a United States citizen, "was tortured and killed in 1960 in Cuba by the Cuban Government." (Compl., Docket Entry No. 1, ¶ 9.) Plaintiff is the successor personal representative of the Fuller Estate. (Id.) Jeanette Hausler ("Hausler") is the Fuller Estate's prior personal representative. (Id. ¶ 17.) In 2007, the Fuller Estate was awarded compensatory and punitive damages, and a judgment was entered (the "2007 Judgment") in a prior lawsuit brought in state court in Florida "against The Republic of Cuba, Fidel Castro Ruz, Raul Castro Ruz, the Cuban Revolutionary Armed Forces, and El Ministerio del Interior ('the Judgment Debtors') for the extra-judicial torture and killing of Mr. Fuller." (See id. ¶¶ 9, 17-18.) Though they were properly and timely served in the prior lawsuit, the Judgment Debtors "never appeared or otherwise made any attempt to satisfy or otherwise acknowledge any of the prior judgments against them in the underlying matter." (Id. ¶¶ 19-20.) On August 20, 2008, "the United States District Court for the Southern District of Florida issued a judgment giving full faith and credit to the [2007] Judgment, awarding post-judgment interest at the rate set by 28 U.S.C. § 1961," pursuant to 28 U.S.C. § 1738, and on September 22, 2008, the 2007 Judgment was duly registered in this district. (Id. ¶¶ 21-22.) Following removal to this district of enforcement proceedings related to the 2007 Judgment, all enforcement proceedings were consolidated by Judge Victor Marrero of this court under Civil Case Number 09-10289 (VM). (Id. ¶¶ 23-24.)

Defendant "is the largest bank in France and one of the five largest banks in the world in terms of total assets" and, though it is headquartered in Paris, France, Defendant

"conducts operations in the United States through various subsidiaries, branches, and entities, including branch offices in the United States headquartered in New York, New York at its affiliated entity BNPP New York." (Id. ¶¶ 10, 12.)

Plaintiff alleges that a court in this district had entered two writs of execution (the "Writs"), on September 28, 2010, and January 4, 2011, each in the amount of $99,000,000.00, plus accrued interest, in favor of Hausler, and that each of the Writs was served on Defendant by the United States Marshals Service (the "USMS") for this district. (See id. ¶¶ 25-26, 30-31.) In response to each writ, the then-director of Defendant's Legal Department responded to the USMS, stating that, "… U.S. federal regulations prohibit financial institutions such as BNP Paribas from engaging in transactions involving Cuban funds," and "[c]onsequently, . . . BNP Paribas would not be able to remit to the U.S. Marshals any funds that it may be holding, if any, that are covered by" either writ. (See id. ¶¶ 27, 32.) Plaintiff alleges that Defendant's response to each writ "failed to disclose the illegal transactions by Defendant using the U.S. banking system—including at its branch at BNPP New York—in order to prevent those transactions from being blocked," and that those "illegal transactions obstructed and prevented the attachment and execution of those funds by" the Writs. (Id. ¶¶ 28, 33.)

As disclosed in a Plea Agreement Defendant entered into with the United States Department of Justice ("DOJ") on or about June 28, 2014, Defendant "was involved in a criminal conspiracy with entities controlled by the Republic of Cuba ('Cuba') to launder their funds in illegal transactions using the U.S. banking system, almost exclusively at BNPP New York, to prevent those transactions from being blocked," and in that Plea Agreement, "Defendant admitted that from at least as early as 2000 and continuing through 2012 it engaged in a massive conspiracy using the United States financial system, including through BNPP New York, to

violate the U.S. sanctions against" countries including Cuba, "by structuring and concealing U.S. dollar transactions . . . in order to prevent those transactions from being blocked." (Id. ¶¶ 1-2.) Plaintiff alleges that "[o]ver $1.747 billion of those illegal transactions were made on behalf of banks and other entities controlled by Cuba, of which more than 96% were laundered by Defendant through BNPP New York from 2002 through 2010." (Id. ¶ 2.) Plaintiff alleges that Defendant's "illicit transfers" made Cuba's funds "uncollectable" by Cuba's creditors, including Plaintiff, and the transfers "had the effect of hindering, delaying, and defrauding Cuba's creditors, including Plaintiff." (Id. ¶ 3.) Plaintiff "asserts damages as a result of his inability to collect upon" the funds of Cuba, "or its agencies or instrumentalities, which Defendant caused to be completely disposed of." (Id. ¶ 4.)

Hausler had not, however, taken further action to investigate or collect on the assets at BNP Paribas after receiving the response to the Writs. As another judge in this district found in dismissing a later action by Hausler that sought a finding of contempt against Defendant, "[u]pon receiving [Defendant's] responses to the writs, Hausler did not commence a turnover petition under N.Y. C.P.L.R. 5225(b) . . ., or undertake discovery or other proceedings against" Defendant until Hausler filed a petition, alleging contempt based on Defendant's purportedly misleading responses to the writs and seeking sanctions against Defendant (the "Hausler Petition"), in this court on October 23, 2015. Hausler v. BNP Paribas S.A., 169 F. Supp. 3d 531, 533 (S.D.N.Y. 2016) ("Hausler"); (see also Docket Entry No. 1, Case No. 15-cv-8377-VM). The Hausler Petition was filed over four and a half years after the Defendant's response to the second writ. In that petition, Hausler argued that, "given BNP Paribas' admissions regarding its transactions with Cuban entities in the" 2014 Plea Agreement with the DOJ, the Defendant's written responses to the Writs were "'intentionally misleading' and

obstructed the attachment and execution of the Cuban funds sought in the Writs." See id at 534. After first filing the Hausler Petition as a miscellaneous proceeding, "Hausler was instructed by the Part One court [of this district] to submit her claim as a plenary action," and, when deciding Defendant's motion to dismiss the petition on the merits pursuant to Federal Rule of Civil Procedure 12(b)(6), Judge Marrero acknowledged the plenary posture of the proceeding and "consider[ed] the [Hausler] Petition a motion for civil contempt properly filed." Id. at 535. On March 11, 2016, Judge Marrero granted Defendant's motion to dismiss the Hausler Petition, and denied the Hausler Petition. Id. at 538.

Just over five months later, on June 29, 2016, Plaintiff filed the two-count Complaint in this action against Defendant, alleging that Defendant is liable for fraudulent conveyance under New York Debtor and Creditor Law §§ 270, 276, and is seeking attorneys' fees under New York Debtor and Creditor Law § 276-a. (Docket Entry No. 1.)

## DISCUSSION

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint in its entirety, arguing that it is barred by res judicata and fails to state a fraudulent conveyance claim upon which relief can be granted. (See Docket Entry No. 18.) In determining whether a plaintiff has set forth the "short and plain statement of the claim showing that [she is] entitled to relief" required by the Federal Rules (see Fed. R. Civ. P. 8(a)(2)), the Court looks to whether the allegations in the complaint establish the "facial plausibility" of the plaintiff's claims. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Such a showing "must be

enough to raise a right to relief above the speculative level," requiring "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555 (internal quotation marks omitted).  In deciding a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

"In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."  Geron v. Seyfarth Shaw LLP (In re Thelen LLP), 736 F.3d 213, 219 (2d Cir. 2013) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).  When determining whether a plaintiff's claims are barred by res judicata, a district court may consider "documents expressly referenced in" the operative pleading, as well as "materials in the public record that are subject to judicial notice," including court documents.  Kiryas Joel All. v. Vill. of Kiryas Joel, 495 F. App'x 183, 187 n.2 (2d Cir. 2012) (citing Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004)).

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (internal brackets, quotation marks, and citation omitted).  To prove that a claim is precluded under res judicata, "'a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'"

Smith v. City of New York, No. 15-CV-4493 (RJS), 2016 WL 4574924, at *5 (S.D.N.Y. Sept. 1, 2016) (quoting Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000)) (brackets omitted). "Whether a claim that was not raised in the previous action could have been raised 'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'" Id. (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997)). "[J]udgments under Rule 12(b)(6) are on the merits, with res judicata effects, whereas judgments under Rule 12(b)(1) are not." Exch. Nat. Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130–31 (2d Cir. 1976), modified sub nom. Chem. Bank v. Arthur Andersen & Co., 726 F.2d 930 (2d Cir. 1984).

Defendant argues that Plaintiff's Complaint is barred by res judicata, because Judge Marrero's decision dismissing the Hausler Petition was a final judgment on the merits, the instant litigation and the Hausler litigation involve the same parties, and the fraudulent conveyance claims asserted in this action could have been asserted in the earlier litigation. (Def. Opening Br., Docket Entry No. 20, at 5-7.) Plaintiff opposes Defendant's motion, arguing that this action seeks "entirely distinct" relief from that which was sought in Hausler, and that there was no final judgment on the merits in the Hausler action, because it "was a post-judgment enforcement proceeding seeking to invoke the court's power to find contempt based on an injury to the Court," for violation of the Court's orders, and, by contrast, the instant action "is a plenary action asserting causes of action by" Plaintiff based on injury he suffered. (Pl. Opp. Br., Docket Entry No. 23, at 4.) Plaintiff's arguments are unavailing.

Even after "assum[ing] the truth of the facts asserted in the [C]omplaint" and "draw[ing] all reasonable inferences from those facts in favor of" Plaintiff, see Harris, 572 F.3d at 71, the Court finds that Plaintiff's claims here are barred by res judicata, as Plaintiff is

precluded from "relitigating issues that were or could have been raised in that action." See St. Pierre, 208 F.3d at 399. First, Defendant is correct that Judge Marrero's decision dismissing the Hausler Petition, which was a plenary proceeding, following a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), was a final adjudication on the merits. See Exch. Nat. Bank of Chicago, 544 F.2d at 1130–31; see also Hausler, 169 F. Supp. 3d at 535 ("Hausler was instructed by the Part One court to submit her claim as a plenary action…"). Second, as Plaintiff himself asserts, neither Plaintiff nor Defendant disputes that the parties here are the same parties as those involved in Hausler. (See Pl. Opp. Br., Docket Entry No. 23, at 4-5.) Finally, the claims asserted in this action "could have been" raised in Hausler. See Smith, 2016 WL 4574924, at *5. Plaintiff relies on the "same connected series" of events and transactions as the prior representative of the Fuller Estate did in Hausler when bringing that Petition: namely, the Defendant's written responses to the Writs, their alleged "obstruct[ion] and prevent[ion] [of] the attachment and execution of" Cuba's founds which was sought by the Writs, and the conduct and circumstances addressed in Defendant's 2014 Plea Agreement with the DOJ. See id. Moreover, "the same evidence is needed to support both" the claims at issue in Hausler and those asserted in this action, such as evidence regarding the drafting of Defendant's responses to the Writs and the circumstances surrounding Defendant's allegedly illicit transfers involving Cuban funds. See id.; see generally Hausler, 169 F. Supp. 3d at 533-34. Plaintiff's claims are therefore barred by res judicata. Plaintiff is precluded "from relitigating issues that were or could have been raised in" Hausler. See See St. Pierre, 208 F.3d at 399.

Because res judicata precludes Plaintiff's claims, the Court declines to address whether Plaintiff adequately pleads a cause of action for fraudulent conveyance and for attorneys' fees under New York Debtor and Creditor Law § 276-a.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Complaint is granted. The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

This Memorandum Opinion and Order resolves Docket Entry No. 18.


SO ORDERED.


Dated: New York, New York
September 22, 2017

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge